IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TRITON IP, LLC | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:07-cv-249[LED] |
| | § | JURY DEMANDED |
| SALESFORCE.COM, INC. | § | |

**SALESFORCE.COM, INC.'S FIRST AMENDED ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Pursuant to Rule 7(a) and Rule 15 of the Federal Rules of Civil Procedure, Defendant Salesforce.com, Inc. ("Salesforce") admits, denies, and alleges in response to Triton IP. LLC's ("Triton") Complaint dated May 31, 2007, ("the Complaint") as follows:

**PARTIES**

1. Salesforce lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and, on that basis denies each and every such allegation.

2. Salesforce admits that it is a corporation organized and existing under the laws of the State of Delaware, having a corporate headquarters and principle place of business in San Francisco, California. Salesforce also admits that it has appointed The Corporation Trust Company, at 1209 Orange St., Wilmington, Delaware 19801, as its agent for service of process. Except as expressly admitted, Salesforce denies any and all remaining allegations in paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. Salesforce admits that Triton's Complaint purports to state a cause of action arising under the patent laws of the United States. Salesforce admits that this Court has subject

matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted Salesforce denies any and all remaining allegations contained in paragraph 3 of the Complaint.

4.      Salesforce admits that Triton's Complaint alleges that venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). Salesforce admits that it has transacted business in this district. Except as expressly admitted, Salesforce denies any and all remaining allegations contained in paragraph 4 of the Complaint.

5.      Salesforce admits that Triton's Complaint alleges that Salesforce is subject to this Court's specific and general personal jurisdiction. Except as expressly admitted, Salesforce denies any and all remaining allegations contained in paragraph 5 of the Complaint

## ANSWER TO COUNT 1

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,067,525

6.      Salesforce admits that Exhibit A to the Complaint is a copy of U.S. Patent No. 6,067,525 entitled "Integrated Computerized Sales Force Automation System" ("the '525 patent") and that the '525 patent recites on its face an issue date of May 23, 2000. Salesforce lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12, and on that basis denies any and all remaining allegations.

7.      Salesforce denies all the allegations contained in paragraph 7.

8.      Salesforce lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and on that basis denies each and every such allegation.

9.      Salesforce denies all the allegations contained in paragraph 9.

10.     Salesforce denies all the allegations contained in paragraph 10.

11. Salesforce denies all the allegations contained in paragraph 11.

12. Salesforce denies all the allegations contained in paragraph 12.

## PRAYER FOR RELIEF

13. Salesforce denies that Triton is entitled to any of the relief it has requested in the Complaint.

## AFFIRMATIVE DEFENSES

14  Salesforce alleges the following affirmative and other defenses, reserving the right to modify, amend, and/or expand upon these defenses as discovery proceeds.

### FIRST AFFIRMATIVE DEFENSE: INVALIDITY

16. Each claim of the '525 patent is invalid for failing to comply with the conditions and requirements for patentability set forth in the U.S. Patent Statutes, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### SECOND AFFIRMATIVE DEFENSE: PROSECUTION HISTORY ESTOPPEL

17. Salesforce is informed and believes, and thereon alleges, that the relief sought by Triton is barred under the doctrine of prosecution history estoppel.

### THIRD AFFIRMATIVE DEFENSE: LICENSE

18. Salesforce is informed and believes, and thereon alleges, that Triton is barred from asserting the '525 patent against Salesforce under the doctrine of license, sublicense, implied license and/or exhaustion.

### FOURTH AFFIRMATIVE DEFENSE: MARKING

19. Salesforce is informed and believes, and thereon alleges, that Triton's claim for pre-filing damages is barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

## COUNTERCLAIMS

For its counterclaim against Triton, Salesforce alleges as follows:

## THE PARTIES

1. Counterclaimant Salesforce is an entity organized and existing under the laws of Delaware, with its principle place of business in San Francisco, California.

2. On information and belief, Counterdefendant Triton is an entity organized and existing under the laws of Texas, with its principal place of business located in Marshall, Texas.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these counterclaims under at least 28 U.S.C. §§ 1331, 1338(a), and 1367 and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

4. On information and belief, Counterdefendant Triton has a principle place of business within this District and therefore this Court has personal jurisdiction over Triton.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## COUNTERCLAIM FOR DECLARATORY RELIEF

## FIRST CLAIM FOR RELIEF:  DECLARATION OF NONINFRINGEMENT

6. Salesforce restates and incorporates by reference each of the allegations of paragraphs 1-5 above of the Counterclaim above, as if fully set forth herein.

7. Based on Triton's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to whether any of Salesforce's products infringe any claims of the '525 patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Salesforce requests a declaration from the Court that its products do not infringe any claim of the '525 patent, either directly or indirectly – contributorily, by inducement, or otherwise.

## SECOND CLAIM FOR RELIEF: DECLARATION OF INVALIDITY

9. Salesforce restates and incorporates by reference each of the allegations of paragraphs 1-8 above of the Counterclaim above, as if fully set forth herein.

10. Based on Triton's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the '525 patent.

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Salesforce requests a declaration from the Court that the claims of the '525 patent are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and/or 112.

## DEMAND FOR JURY TRIAL

12. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Salesforce demands a trial by jury of this action.

## PRAYER FOR RELIEF

13. WHEREFORE, Defendant and Counterclaimant Salesforce pray that this Court enter judgment in its favor and grant the following relief:

a. For an order that Triton take nothing by its Complaint, and that the same be dismissed with prejudice;

b. For a declaration that Defendant and Counterclaimant Salesforce's products do not infringe any claims of the '525 patent;

c. For a declaration that the '525 patent is invalid;

d. Enter an order finding that this case is exceptional and awarding Defendant and Counterclaimant Salesforce its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

e.   Award any additional relief as the Court may deem appropriate and just under the circumstances.

Dated: July 30, 2007

Respectfully submitted,

*/s/ Michael E. Jones*
Michael E. Jones, Lead Attorney
State Bar No. 10929400
mikejones@potterminton.com
Diane V. DeVasto
State Bar No. 05784100
dianedevasto@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500
Tyler, Texas 75702
903/597-8311
903/593-0846 Facsimile

Jose C. Villarreal
Texas Bar No. 24003113
jvillarreal@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-7247
512/338-5424
512/338-5499 Facsimile

Michael A. Ladra
California Bar No. 64307
mladra@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304
650/320-4869
650-493-6811 Facsimile

>Jerry Chen
>California Bar No. 229318
>jchen@wsgr.com
>WILSON SONSINI GOODRICH & ROSATI
>Professional Corporation
>650 Page Mill Road
>Palo Alto, California 94304
>650/565-3933
>650/493-6811 Facsimile
>
>**ATTORNEYS FOR DEFENDANT
>SALESFORCE.COM, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 30th day of July 2007. Any other counsel of record will be served by first class U.S. mail on this same date.

>*/s/ Michael E. Jones*
>Michael E. Jones